UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| EPIRUS BIOPHARMACEUTICALS, INC., | )    CHAPTER 7 |
| | )    CASE NO. 16-12828-JNF |
| Debtor | ) |

**NOTICE OF INTENDED SALE OF ASSETS, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS AND HEARING DATE**

_____ **IS THE DATE OF THE HEARING ON PROPOSED SALE**

**9/15/2016 IS THE DATE BY WHICH OBJECTIONS OR COUNTEROFFERS MUST BE MADE**

**NOTICE** is hereby given, pursuant to Sections 105(a) and 363 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and MLBR 2002-1, 2002-5 and 6004-1, that Mark G. DeGiacomo, the Chapter 7 Trustee (the ("Trustee") for the bankruptcy estate of Epirus Pharmaceuticals, Inc. (the "Debtor"), intends to sell the Debtor's right, title and interest in the below described property of the bankruptcy estate.

**PROPERTY TO BE SOLD:**

The Debtor's and the bankruptcy estate's right, title and interest in and to certain personal property of the estate consisting of the assets associated with the Debtor's BOW080 program, as more particularly described, and defined as the Purchased Assets in, the Asset Purchase Agreement executed by the Trustee and Orphonix, Inc. dated September 9, 2016 (the "Agreement"), attached hereto as Exhibit A.

**THE OFFER:**

Pursuant to the Agreement, the Trustee intends to sell the Purchased Assets to the Purchaser, defined in the paragraph immediately below, for the sum of NINE HUNDRED AND

7310102v2

FIFTY THOUSAND DOLLARS ($950,000.00) (the "Purchase Price").[1]

**THE PROPOSED BUYER:**

The proposed buyer is Orphonix, Inc. (the "Purchaser"). There is no relationship between the Purchaser and the Trustee.

**THE SALE DATE:**

The terms of the proposed sale are more particularly described in the Agreement. Pursuant to the terms of the Agreement, the closing on the sale shall take place within two business (2) days after the Bankruptcy Court's allowance of the Trustee's Motion for Order Authorizing Sale of Assets Free and Clear of Liens (BOW080) (the "Motion to Sell"). The Purchaser has paid a deposit in the sum of $95,000.00 towards the Purchase Price. A copy of the Proposed Order submitted in connection with the Motion to Sell is attached hereto as Exhibit B. If not included with this Notice, a copy of the Motion to Sell is available at no charge upon request from the undersigned.

**SALE FREE AND CLEAR OF LIENS:**

The Purchased Assets will be sold free and clear of all liens, claims, encumbrances and interests. Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

**"AS IS" AND "WHERE IS":**

The Purchased Assets are being sold "AS IS" AND "WHERE IS" without any representations or warranties.

**COUNTEROFFERS OR OBJECTIONS:**

Any objections to the Motion to Sell (including on the basis that any of the Purchased

---

[1] The Purchase Price drops to $900,000 if an order granting the Motion to Sell is not entered on or before September 19, 2016.

Assets constitutes an executory contract and/or that the requirements for assignment thereof will not be met as of the closing of the proposed sale) and/or higher offers for the Purchased Assets, must be filed in writing with the Clerk, United States Bankruptcy Court at United States Bankruptcy Court, John. W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, Massachusetts on or before 09/19/2016 at 11:00 a.m. (the "Objection Deadline"). A copy of any objection or higher offer also shall be served upon the undersigned and Stuart Komrower, Esq., Cole Schotz , P.C., 25 Main Street, Hackensack, New Jersey 07601, as counsel for Hercules Capital, Inc. Any objection to the Motion to Sell must state the Debtor's name, case number and in addition, state what, if any, interest the party filing an objection has in the case and specifically state with particularity the grounds for the objection and why the intended sale should not be authorized.  Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

**Through this Notice, higher offers for the Purchased Assets are hereby solicited. Any higher offer must be at least $997,500 (five (5%) percent over the Purchase Price) and it must be accompanied by a deposit in the amount of ten percent (10%) of such higher offer in the form of a certified or bank check made payable to the Trustee (the "Deposit"). Higher offers must be on the same terms and conditions provided in the Agreement, other than the purchase price.**

**HEARING:**

A hearing on the Sale Motion, objections or higher offers is scheduled to take place on 09/19/2016 at 3:00 ~~A.M.~~/P.M. before the Honorable Joan N. Feeney, United States Bankruptcy Judge, Courtroom 1, United States Bankruptcy Court, John. W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts. Any party who has filed

3

7310102v2

an objection or higher offer is expected to be present at the hearing, either in person or telephonically if permitted by the Court, failing which the objection may be overruled or the higher offer stricken. The Court may take evidence at any hearing on approval of the sale to resolve issues of fact. If no objection to the Sale Motion or higher offer is timely filed by the Objection Deadline, the Court, in its discretion, may cancel the scheduled hearing and approve the sale to the Purchaser without hearing.

At the hearing on the sale the Court may 1) consider any requests to strike a higher offer, 2) determine further terms and conditions of the sale, 3) determine the requirements for further competitive bidding, and 4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

**DEPOSIT:**

The Deposit will be forfeited to the bankruptcy estate if the successful purchaser fails to complete the sale by the date provided for in the Agreement. If the sale is not completed by the buyer approved by the Court, the Trustee may, without further hearing, close the sale and assignment with the next highest bidder.

The Trustee reserves his right to reject any bid, including the "highest bid".

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

7310102v2

Any questions concerning the intended sale shall be addressed to the undersigned.

    MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF EPIRUS BIOPHARMACEUTICALS, INC.

    By his attorneys,

    /s/ Taruna Garg
    Daniel C. Cohn, Esq. BBO #0907
    Taruna Garg, Esq. BBO #654665
    Murtha Cullina LLP
    99 High Street
    Boston, MA  02110
    617-457-4000 Telephone
    617-482-3868 Facsimile
    dcohn@murthalaw.com
    tgarg@murthalaw.com

Dated:  September 9, 2016