UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EPIRUS BIOPHARMACEUTICALS, INC., ) | CHAPTER 7 |
| ) | CASE NO. 16-12828-JNF |
| Debtor ) | |

## ORDER APPROVING SALE OF ASSETS (BOW080)

Mark G. DeGiacomo, the duly appointed and acting Chapter 7 trustee (the "Trustee") of the estate of Epirus Biopharmaceuticals, Inc. (the "Debtor") having filed, on September 9, 2016, his Assented-to Motion for Order Authorizing Sale of Assets Free and Clear of Liens (BOW080) [Docket No. 53] (the "Motion"), along with a proposed form of order granting the Motion (the "Proposed Order"), pursuant to which the Trustee, with the assent of the Debtor's secured lender, Hercules Technology Growth Capital, Inc. and Hercules Capital, Inc., as agent (collectively, "Hercules"), sought an order authorizing, among other things, the sale free and clear of all claims (as defined and used in the Bankruptcy Code, including section 101(5) thereof),[1] liabilities, interests, rights, and encumbrances, including, without limitation, rights of setoff (except with respect to setoffs that were validly effected prior to the Petition Date) and all other matters of any kind and nature, whether known or unknown, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, whether arising prior to or subsequent to the Petition Date (but, for the avoidance of doubt, in each case arising prior to the Closing), and any consensual or nonconsensual lien, statutory lien, real or personal property lien, mechanics' lien, materialmans' lien, warehousemans' lien, tax lien, and any and all "liens" as that term is defined and used in the Bankruptcy Code, including section 101(37) thereof, whether imposed by agreement,

---

[1] Each term defined in the Bankruptcy Code, and used but not otherwise defined in this Order, shall have the meaning defined in the Bankruptcy Code.

1

understanding, law, equity or otherwise (all of the foregoing, collectively, the "Encumbrances"), to Orphonix, Inc. (the "Purchaser") of the Debtor's and the estate's right, title and interest in and to certain personal property of the estate consisting of the assets associated with the Debtor's BOW080 program as more particularly described, and defined as the Purchased Assets, in the Asset Purchase Agreement by and between the Trustee and the Purchaser dated September 9, 2016 (the "Agreement"); no higher offers having been filed; this Court having held a hearing on the Motion on September 19, 2016 (the "Sale Hearing"); this Court having considered the Motion, the Agreement, the other documents in the record concerning the proposed sale, and the statements of counsel presented at the Sale Hearing; it appearing to this Court that proper notice under the circumstances of the Motion and the sale proposed therein (the "Sale") has been given pursuant to Rules 2002(a)(2) and (c), 6004, and 9014 of the Federal Rules of Bankruptcy Procedure, and all other applicable law; and good cause otherwise appearing therefor:

**THE COURT HEREBY FINDS AND RULES THAT:**[2]

### Jurisdiction/Statutory and Procedural Bases

A.   This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(a) and L.R. D. Mass. 201. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Entry of a final order on the Motion is proper under Article III of the United States Constitution. Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Fed. R. Bankr. P. 6004(h) and 6006(d), and to any extent necessary under Fed.

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

7323531v1

R. Bankr. P. 9014 and Fed. R. Civ. P. 54(b) as made applicable by Fed. R. Bankr. P. 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, expressly directs entry of judgment as set forth herein, and determines that this Order shall take effect immediately.

C.   The statutory bases for the relief requested in the Motion are the following sections of title 11, United States Code ("Code Section"): 105(a), 363(b), (f) and (m), and 365.[3] The procedural bases for the relief sought in the Motion are Fed. R. Bankr. P. 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 9007 and 9014.

### Notice of the Sale

D.   Actual written notice of the Motion, the proposed Sale, the right to object thereto and the deadline and filing place for such objections, and the date, time and place of the Sale Hearing has been served upon all parties in interest, including all entities known to the Trustee or in the public record as claiming an interest in the Purchased Assets and all creditors of the Debtor listed in the schedules of liability filed by the Debtor. The service of such notice was good, sufficient and appropriate under the circumstances in accordance with Code Sections 102(1) and 363 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014, in light of the relief granted pursuant to this Order; and no further notice need be given in respect of the Sale. All parties in interest have been afforded reasonable notice and opportunity to be heard with respect to the Motion.

### Compelling Circumstances/Exercise of Business Judgment

E.   The Trustee has demonstrated that it is essential that the Sale occur within the time constraints set forth in the Agreement in order to allow the Purchaser to maximize its

---

[3] The Court makes no ruling as to whether any of the Purchased Assets constitutes an executory contract within the meaning of Code Section 365. References in this Order to Code Section 365 and related rules shall not be construed as a ruling that the requirements of Code Section 365 are applicable to the Sale.

3

7323531v1

opportunity to timely complete development, obtain regulatory approval and reach the market with a product based on the Purchased Assets. Time is of the essence in consummating the Sale.

F. Given the circumstances faced by the Debtor's estate and the Purchaser, the Trustee's decision to execute the Agreement, to prosecute the Motion and to consummate the Sale constitutes a valid and reasonable exercise of the Trustee's business judgment.

G. Approval of the Motion and the Agreement, as well as consummation of the transaction contemplated thereby, is in the best interests of the estate and its creditors.

### Good Faith of the Purchaser

H. The Purchaser is purchasing the Purchased Assets in good faith, is a good faith purchaser within the meaning of Code Section 363(m), and is therefore entitled to the full protection of that provision. The Purchaser has demonstrated good faith by, *inter alia*: (i) negotiating the Agreement at arms' length and without coercion; and (ii) demonstrating that it is not an insider as that term is defined pursuant to 11 U.S.C. § 101(31). No party has engaged in any action or inaction that would cause or permit the Agreement or the Sale to be avoided or impose any costs or damages under Code Section 363(n).

### Sale Free and Clear

I. The Purchaser would not have entered into the Agreement and would not consummate the Sale if the Purchased Assets were not to be transferred to the Purchaser free and clear of all Encumbrances, or if the Purchaser would (or in the future could) be liable for any Encumbrance.

J. Hercules is the only entity known to assert an interest in the Purchased Assets. Hercules consents to the Sale. Accordingly, the Trustee may sell the Purchased Assets free and clear of all Encumbrances because the standard set forth in Code Section 363(f)(2) has been satisfied. The Purchaser shall not, by reason of the Sale or otherwise, have any liability or

4

7323531v1

obligation for or on account of any Encumbrance, including claims arising under any theory, law or doctrine of successor liability or related theories.

K.    The Purchaser is not acquiring or assuming any liability, warranty or other obligation of the Debtor. The Purchaser shall not be deemed, as a result of any action taken in connection with the Sale (1) to have, *de facto* or otherwise, merged with or into the Debtor, or (2) to be a successor, or other such similarly situated party, to the Debtor.

L.    The Debtor's estate is not in default under any contract included in the Purchased Assets.

### Validity of Transfer

M.    The transfer of the Purchased Assets to the Purchaser will be as of the Closing a legal, valid and effective transfer of such asset, and will vest the Purchaser with all right, title and interest in and to the Purchased Assets free and clear of all Encumbrances accruing, arising or relating thereto any time prior to the closing.

N.    Bioceros Holding, B.V., a Netherlands corporation ("Bioceros"), has committed to the Trustee to supply up to 50 hours of time of its employees knowledgeable about the BOW080 program, at a cost to Purchaser of €250 per hour for the hours that Purchaser chooses to utilize, to consult with Purchaser concerning the Purchased Assets (the "Consulting Services"), thus permitting the Trustee to fulfill the requirements of Section 6 of the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### Grant of Motion

1.    The Motion is granted and the Sale is approved, as set forth in this Order. The Trustee is authorized and directed to sell and transfer to the Purchaser for the sum of Nine Hundred Fifty Thousand Dollars ($950,000), with the Deposit previously made by the Purchaser

to be applied to the Purchase Price at the closing under the Agreement (the "Closing"), the right, title and interest of the Debtor and the Debtor's estate in and to the Purchased Assets.

2. The Sale shall be AS IS and WHERE IS and WITHOUT ANY WARRANTY by the Trustee.

3. A failure by the Purchaser to pay the Purchase Price to the Trustee in the manner set forth in the Agreement shall be a default by the Purchaser, the Deposit shall be forfeited to the Debtor's estate, and the Trustee shall have all other remedies at law or in equity on account of the Purchaser's breach of the Agreement.

4. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to this Court at the Sale Hearing or by stipulation filed with this Court, and all reservations of rights asserted by any party concerning the Motion or the Sale, have been completely satisfied by the terms of this Order or are hereby overruled on the merits.

### Approval and Closing of the Agreement

5. The Agreement and all other ancillary documents necessary to complete the Sale, and all of the terms and conditions thereof, are hereby approved.

6. Pursuant to Code Section 363(b), the Trustee is authorized to execute such documents and take such actions as are necessary or appropriate to consummate the Sale of the Purchased Assets to the Purchaser pursuant to and in accordance with the terms and conditions of the Agreement, and otherwise implement and provide the Purchaser with the full benefit of the transactions contemplated by the Motion, regardless of whether such documents or other actions are specifically required by the Agreement or this Order.

7323531v1

7. The Trustee is authorized and directed, immediately upon completion of the Closing, to remit $630,000 of Sale proceeds to Hercules, which shall be applied to its secured claim.

### Transfer of the Purchased Assets

8. Pursuant to Code Sections 105(a), 363(b), 363(f) and 365(b), the Trustee is authorized to transfer the Purchased Assets at the Closing. Such transfer shall constitute a legal, valid, binding and effective transfer of the Purchased Assets free and clear of all Encumbrances. Executory contracts (if any) included in the Purchased Assets are deemed assumed and assigned to the Purchaser as of the Closing, and Purchaser has demonstrated adequate assurance of future performance under the relevant Purchased Assets.

9. All entities that are in possession of the Purchased Assets at the time of the Closing shall surrender possession of the Purchased Assets to the Purchaser at the Closing except to the extent that the Purchaser otherwise consents in writing. Bioceros shall on a timely basis fulfill its commitment to provide the Consulting Services.

### Free and Clear

10. Pursuant to Code Section 363(f), the Agreement, and this Order, the transfer of the Purchased Assets to the Purchaser shall be free and clear of any and all Encumbrances, and the Purchaser and its employees, officers, directors, advisors, lenders, affiliates, owners, successors and assigns shall not be liable for or have any responsibility on account of any Encumbrance or any other obligation of any nature whatsoever against, relating to, or of the Debtor, any of its predecessors or affiliates, or the Purchased Assets, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including under any law or theory of successor or vicarious liability,

7323531v1

antitrust law, environmental law, foreign, federal, state or local revenue law, or products liability law.

11. All Encumbrances shall attach to the proceeds of the Sale with the same validity, priority, force and effect that they now have as against the Purchased Assets, subject to any claims and defenses the Trustee and the estate may possess with respect thereto.

12. This Order is and shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, and all other officials and their employees or agents who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease. Each of the foregoing entities is hereby directed to accept for filing, without regard to any otherwise applicable rule or restriction, any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement, including but not limited to the documents specifically referred to in the preceding paragraph.

13. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

14. There are no brokers' commissions due in connection with the Sale.

### No Successor or Transferee Liability

15. The Purchaser is not and shall not be deemed a successor to the Seller as a result of the consummation of the Sale.

16. Effective upon the Closing, all persons and entities are forever prohibited and

7323531v1

enjoined from commencing or continuing in any matter any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Purchaser, or its assets, with respect to any Encumbrance (including, for the avoidance of doubt, any claim based on a theory of successor or transferee liability related to the Sale).

### Limitation of Appellate Remedy

17.     This Court having found and ruled that the transactions contemplated by the Agreement are undertaken by the Purchaser without collusion and in good faith, as that term is defined in Code Section 363(m), the Purchaser is entitled to, and is hereby granted, the full protection of Code Section 363(m); accordingly, reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless this Order is duly stayed before the Closing.

### Effect of this Order

18.     This Order shall be binding in all respects upon the Trustee, the Debtor, its estate, all creditors, all holders of equity interests in the Debtor, all holders of any claim(s) (whether known or unknown) against the Debtor, any holders of Encumbrances against or related to the Purchased Assets, any other parties in interest in this chapter 7 case, the Purchaser, all successors and assigns of the Purchaser, and all successors or assigns of the Debtor and the Trustee.

19.     Pursuant to Fed. R. Bankr. P. 7062, 9014, 6004(h) and 6006(d), this Order shall be effective immediately upon entry, and the Trustee and the Purchaser are authorized to close the Sale immediately upon entry of this Order.

### Retention of Jurisdiction

20.     Without limiting any other jurisdiction that this Court has, this Court shall and hereby does expressly retain jurisdiction (a) to interpret, implement, and enforce the terms and provisions of this Order and the Agreement, all amendments thereto and any waivers and

9

7323531v1

consents thereunder, and any other document in connection with the Sale, and (b) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

SO ORDERED, at Boston, Massachusetts, this 19th day of September, 2016.

_____
Joan N. Feeney
United States Bankruptcy Court Judge

7323531v1