UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EPIRUS BIOPHARMACEUTICALS, INC., ) | CHAPTER 7 |
| ) | CASE NO. 16-12828-JNF |
| Debtor ) | |

**CHAPTER 7 TRUSTEE'S THIRD MOTION TO EXTEND THE TIME
WITHIN WHICH TO ASSUME OR REJECT EXECUTORY CONTRACTS**

Mark G. DeGiacomo, the duly-appointed Chapter 7 Trustee (the "Trustee") of Epirus Biopharmaceuticals, Inc. (the "Debtor"), hereby moves this Court for the entry of an order further extending by 90 days the deadline by which the Trustee must assume or reject all executory contracts of the Debtors pursuant to 11 U.S.C. § 365(d) and MLBR 6006-1.

In support of this motion, the Trustee respectfully states as follows:

**Background**

1. On July 25, 2016, the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date"). Later the same day, the Trustee was appointed Chapter 7 trustee.

2. The Debtor, a publicly-traded company, was in the business of developing and commercializing "biosimilars." A biosimilar is a biologic compound that is a near replica with the same function and therapeutic profile as a biologic drug that has received regulatory approval. When a biologic drug reaches the end of its period of patent protection, an opportunity exists for biosimilars to compete with the drug in the marketplace – the way generic drugs compete with chemical drugs for which patents have expired. Although developing a biosimilar is typically not as lengthy or expensive as an original biologic drug, it is still a multi-year project

7855456v2

involving substantial investment, pre-clinical and clinical studies, technological challenges and marketplace risks.

3. The Debtor, through its direct and indirect subsidiaries, sought to develop six biosimilars (the "Biosimilar Assets"). These efforts had achieved varying degrees of success when, earlier this year, the Debtor's inability to raise further funding to continue development or find a buyer for the company as a whole compelled liquidation. The Debtor engaged in a series of transactions and settlements directed toward orderly disposition of its assets and business before filing its Chapter 7 petition to complete the process.

4. Creditors of the Debtor include Hercules Technology Growth Capital, Inc. ("Hercules"), which filed a proof of claim asserting that it is owed $4,233,980.78, secured by substantially all of the Debtor's assets. On October 12, 2016, the Court entered an order approving a comprehensive settlement between the Trustee and Hercules which, among other things, allowed its proof of claim in the amount of $4,000,000 and provided carve-outs for the holders of unsecured claims and administrative fees incurred by the Trustee and his professionals.

5. The deadline for filing proofs of claim passed on November 14, 2016. As of that date, claims totaling $6,973,356.76 (excluding the Hercules claim) were filed in the case. Although some claimants have asserted prepetition priority claims for certain amounts, the Debtor's records do not support the likelihood that any such claims will be allowed.

6. Since his appointment, the Trustee has been engaged in trying to sell the Biosimilar Assets and otherwise maximize the value of the Debtor's estate. On September 19, 2016, the Trustee closed on the court-approved sale of one of those Biosimilar Assets, the

BOW080 program.  This resulted in a $630,000 payment to Hercules, such that its remaining allowed claim is $3,370,000.

### Basis for this Motion

7.  As of the Petition Date, the Debtor was a party to numerous prepetition contracts, some of which may be executory and some of which may have value to purchasers of Biosimilar Assets or other assets of the Debtor's estate.  The Trustee is not able to determine, except as he engages in specific transactions disposing of estate assets, whether particular contracts have value.  It would be contrary to the interests of the estate for any contract of the estate to be rejected under Section 365(d)(1) of the Bankruptcy Code before the Trustee has concluded his efforts to test, through the marketplace, whether such contract can be assigned on terms beneficial to the estate.  The Trustee's efforts to market and otherwise realize value from the estate's assets are ongoing.

8.  Pursuant to 11 U.S.C. § 365(d)(1) this Court may extend and may further extend, for cause, the deadline within which the Trustee must assume or reject the executory contracts of the Debtor.  The Court has thus far granted two extensions of the deadline for the Trustee to assume or reject the Executory Contracts, with the most recent extension up to March 22, 2017.  For the reasons set forth in the preceding paragraph, cause exists to further extend the deadline within which the Trustee may assume or reject executory contracts.

9.  For the foregoing reasons, the Trustee requests that the deadline for the Trustee to assume executory contracts be extended for an additional 90 days.

### Notice

10.  In addition to the regular notice list in this case, the Trustee has caused this motion to be served on all (a) counterparties to the contracts listed as executory contracts in

Schedule G of the Debtor's schedules of assets and liabilities, (b) counterparties to other contracts identified by the Trustee as potentially being valuable to the Debtor's estate, and (c) other parties whom the Trustee has identified as possibly being parties to contracts with the Debtor.

WHEREFORE, the Trustee requests that this Court enter an Order:

a. extending the time within which the Trustee must assume or reject executory contracts of the Debtor by 90 days, through and including June 22, 2017; and

b. granting to the Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7
TRUSTEE OF THE ESTATE OF EPIRUS
BIOPHARMACEUTICALS, INC.

By his attorneys,

/s/ Taruna Garg
Daniel C. Cohn, Esq. BBO #090780
Taruna Garg, Esq. BBO #654665
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
tgarg@murthalaw.com
tgarg@murthalaw.com

Dated:  February 28, 2017

7855456v2